### F. SANDS v. THE STATE.

#### No. 3027. Decided March 18, 1914.

**1.—Malicious Mischief—Circumstantial Evidence.**

Where, upon trial of poisoning domestic animals with intent to injure the owner, the evidence, although circumstantial, was sufficient to support the conviction, there was no reversible error.

**2.—Same—Evidence—Circumstances.**

Where, upon trial of unlawfully poisoning certain mules, etc., with intent to injure the owner, it developed on the trial that defendant had arsenic on hand at the time the stock were killed in greater quantities than usual, there was no error in admitting testimony that such arsenic was found with him after the commission of the offense, but which he had ordered before his arrest, etc.

**3.—Same—Number of Animals Killed—Variance.**

Where defendant was charged with unlawfully poisoning nine head of mules and four head of mares, and only twelve carcasses were found and one missing, there was no variance which was fatal to the conviction, as the number actually poisoned was immaterial.

Appeal from the County Court of Shackelford. Tried below before the Hon. J. A. King.

Appeal from a conviction of unlawfully poisoning mules and mares with intent to injure the owner; penalty, a fine of $200.

The opinion states the case.

*B. F. Reynolds,* for appellant.—On question of the insufficiency of the evidence: Black v. State, 1 Texas Crim. App., 368.

On question of variance: Courtney v. State, 3 Texas Crim. App., 257; Persons v. State, 3 id., 240.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The information in this case charged appellant with unlawfully poisoning nine head of mules and four head of mares,

the property of J. F. Sedwick, with the intent to injure the owner of the stock. He was adjudged guilty, and his punishment assessed at a fine of $200.

The evidence is entirely circumstantial, and appellant earnestly insists that it is not of that strength and cogency to support the verdict. We have studied the record diligently, and are of the opinion that the court committed no error in overruling the motion for a new trial. That the stock was poisoned is admitted in the record, and they were poisoned by the use of arsenic is also admitted; that appellant bore intense ill-will towards the owner of the stock is shown beyond the peradventure of a doubt, thus furnishing evidence of motive. He lived in a house adjoining Mr. Sedwick's pasture; he passed through this pasture in going from his house to his pasture. At the place where the stock is shown to have been poisoned, there was found some sulphur with a mixture in it, looking like salt or some other substance in it that the mules and mares had licked, causing their death. At appellant's place was found a "bucket containing sulphur and some white mixture," —this mixture being of the same character and kind found where the stock had been poisoned. There was also found at appellant's house several pounds of arsenic, and the stock had died from arsenic poisoning. On the ground where the stock had been found dead, tracks were found leading towards appellant's house. As the mixture shown to have killed the stock was of the same character and kind found at appellant's house, we are of opinion that the facts and circumstances in the case are sufficient to authorize a conviction. After the stock was found dead, when talking to a neighbor, in reply to a remark "that it was hard to be charged with poisoning a neighbor's mules," said, "Well, I don't know—John F. Sedwick is a d—ned rascal, and the only way to reach some people is through their pocketbook."

It was proven that after the mules were found dead, appellant ordered a quantity of arsenic, such as a man would not ordinarily have any use for. This testimony was objected to, as it occurred after the commission of the offense charged. The testimony further showed that this arsenic was ordered before his arrest, charging him with this offense, and that after he was arrested he objected to receiving it. The court in his qualification to this bill shows that appellant had arsenic on hand at the time the stock were killed, and was keeping it in quantities not kept by the ordinary man. As this matter is presented to us we do not think it presents reversible error, as this was a case depending wholly upon circumstantial evidence.

The only other objection we deem necessary to notice is that the information charges that "nine head of mules and four head of mares were poisoned," while the evidence shows that only "twelve carcasses were found and one missing." It is contended this presents a variance fatal to the conviction. The offense with which appellant was charged is wilfully poisoning stock with intent to injure the owner, and the

number actually poisoned we think immaterial, if any stock belonging to Sedwick were poisoned by appellant wilfully.

The judgment is affirmed.

*Affirmed.*